United States District Court
District of Massachusetts

```
                               )
John Paul Canney,              )
                               )
           Petitioner,         )
                               )
     v.                        )     Civil Action No.
                               )     26-12815-NMG
David Wesling, et al.,         )
                               )
           Respondents.        )
                               )
```

**ORDER**

**GORTON, J.**

In his petition for writ of habeas corpus (Docket No. 1) petitioner John Paul Canney ("Canney" or "petitioner") contends that David Wesling and other named respondents ("respondents") have violated his statutory, regulatory and due process rights by allegedly transferring him out of the Plymouth County Correctional Facility ("PCCF"), in Plymouth, Massachusetts. He asks the Court to enjoin his transfer outside the District of Massachusetts and PCCF or, if he has already been transferred, require that he be returned. For the reasons that follow, Canney's petition will be **DENIED**.

I.    **Facts**

Canney is a native and citizen of the United Kingdom. In 1989 he entered the United States on a visa that has since expired. He was arrested by Immigration and Customs Enforcement

-1-

("ICE") in April, 2026 and was detained at PCCF. On the morning of June, 22, 2026, the day of Canney's scheduled bond and master calendar hearing, counsel for the Department of Homeland Security ("DHS") informed petitioner's counsel ("Counsel") and the Immigration Judge that Canney had been transferred out of PCCF that morning. DHS counsel was unable to confirm where Canney was located and the hearing proceeded in his absence.

Counsel surmises that Canney is being detained at the ICE Boston Field Office in Burlington, Massachusetts, which is intended to hold detainees only temporarily, and avers that such conditions of confinement would be in violation of the Fifth Amendment. Counsel also claims that, if Canney has not been removed from the PCCF, any such transfer would unconstitutionally interfere with his access to counsel and other due process rights. He seeks an injunction to prevent such a transfer.

In the meantime, the attorney for ICE reports that petitioner is still detained at PCCF.

## II. Legal Standard

Section 2241 provides federal courts with jurisdiction to order the release of anyone held in the custody of the United States in violation of its laws and Constitution. 28 U.S.C. §2241(c). The petitioner bears the burden of proving his detention is unlawful. Vasquez v. Moniz, 788 F. Supp. 3d 177,

180 (D. Mass. 2025). Section 2241 is the appropriate statutory provision under which the fact or duration of confinement may be challenged. Challenges to the conditions or location of confinement, however, must be brought under civil rights law. See Gonzalez-Fuentes v. Molina, 607 F.3d 864, 873 (1st Cir. 2010); see also Brouillard v. Lyons, No. 26-cv-10090, 2026 WL 497009, at *3 (D. Mass. Feb. 23, 2026).

## III. **Discussion**

Respondent argues that the requested "no-transfer" order is not available through a habeas petition. The Court agrees. Petitioner is, in essence, challenging the location of his confinement. Such a claim is outside the scope of the habeas jurisdiction of this Court and must be brought in the context of a civil rights action. See Gonzalez-Fuentes, 607 F.3d at 873.

## ORDER

For the foregoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: July 9, 2026

-3-